Carlos A. Brown (Arizona Bar No. 026663)
Carlos Brown Law, P.L.L.C
19221 S. Alma School Rd., Suite 112
Mesa, Arizona 85210
Phone: 480.788.3131
Fax: 480.371.3476
info@carlosbrownlaw.com
*Attorney for Defendant*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>            Plaintiff,<br><br>    vs.<br><br>Arturo Reyes Trujillo,<br><br>            Defendant. | Case No. 2:08-cr-00001-1-PHX-GMS<br><br>**MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C § 3582(c)(1)(A)(i) (COMPASIONATE RELEASE)** |

The defendant, Arturo Reyes Trujillo, through his attorney undersigned, respectfully moves this Court pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) to grant his motion for compassionate release, all for the reasons set forth in the accompanying memorandum of points and authorities.

RESPECTFULLY SUBMITTED this 1st day of August, 2021.

                                              Carlos Brown Law, PLLC

                                        By:   /s/Carlos A. Brown
                                                /s/Carlos A. Brown
                                                Attorney for Defendant

MEMORANDUM OF POINTS AND AUTHORITIES

**Relevant Facts and Procedural History**

On October 7, 2015, a Mr. Reyes Trujillo plead guilty to Count 1: Conspiracy to Possess with the Intent to Distribute Cocaine, 21 U.S.C. § 841(a)(1), and Count 2: Conspiracy to Commit Money Laundering, 18 U.S.C. § 1956(a)(1)(A)(i). At sentencing, on March 7, 2016, Mr. Reyes Trujillo was sentenced to a total term of 262 months imprisonment followed by 10 years of supervised release. The current release date with Bureau of Prisons is May 6, 2031.

**I. The Court has the Authority to Consider Mr. Reyes Trujillo's Motion Because More Than Thirty Days Have Elapsed Since His Request Was Received by the Warden.**

The compassionate release statute previously permitted sentencing reduction only upon motion of the Director of the Bureau of Prisons. Congress expanded the statute in the First Step Act of 2018. Pub. L. No. 115-391, § 603(b), 132 Stat. 5914, 5239 (Dec. 21, 2018).  As amended, §3582(c)(1)(A)(i), now allows courts to consider motions filed by defendants so long as "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" Mr. Reyes Trujillo submitted a request to the warden of his facility on December 16, 2020. He received a denial of his request on January 6, 2021. As such, Mr. Reyes Trujillo has exhausted all administrative rights due to the warden failing to bring a motion on his behalf, as well as the lapse of 30 days from the receipt by the warden of his request.

**II. Extraordinary and Compelling Reasons**

Compassionate release is authorized pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), which provides in part:

  (1) In any case-

  (A) the court, upon motion….of the defendant after the defendant has fully exhausted all administrative rights…may reduce the term of imprisonment…after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that-

    (i) extraordinary and compelling reasons warrant such a reduction;…

    (ii) and that such a reductions is consistent with applicable policy statements issued by the Sentencing Commission [.] 18 U.S.C. § 3582(c)(1)(A)(i)

With 28 U.S.C. § 994(t), Congress delegated to the sentencing authority to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." The policy statement issued in exercise of that authority, U.S.S.G. § 1B1.13, which provides examples of "extraordinary and compelling reasons" only in the application notes. The examples usually fall into four categories based on a defendant's (1) terminal illness, (2) debilitating physical or mental health conditions, (3) advanced age and deteriorating health in combination with the amount of time served, or (4) compelling family circumstances. The commentary also includes a fifth provision for "extraordinary and compelling reasons other than, or in combination with, the reasons described in subdivisions (A) through (C)" as determined by the Director of the Bureau of Prisons. U.S.S.G. § 1B1.13, comment. n.1(D).

However, the policy statement was last amended in November 2018, before the First Step Act was enacted. The Sentencing Commission has not reconciled its policy statement with the First Step Act. In response to the Commission's failure to reconcile its policy statement with the First Step Act, some courts, albeit some unpublished opinions, have concluded that the court can consider any factor when assessing a defendant's motion for compassionate release. *See Brown v. Untied States*, 411 F. Supp. 3d 446, 447 (S.D. Iowa 2019); *see also United States v. Mondaca*, No. 89-CR-0655 DMS, 2020 WL 1029024, at *3 (S.D. Cal. Mar. 3, 2020); *United States v. Cantu*, No. 1:05-CR-458-1, 2019 WL 2498923, at *4 (S.D. Tex. June 17, 2019). It appears as though the court has the authority to determine whether the global pandemic, combined with other relevant circumstances in this case, make up an extraordinary and compelling reason for a sentence reduction, regardless of whether it falls within one of the existing categories set forth in the U.S.S.G. § 1B1.13 commentary.

III. **Specific Health Factors Related to Mr. Reyes Trujillo that Warrant Consideration**

**1. Mr. Reyes Trujillo's Risk of Reinfection**

Mr. Reyes Trujillo tested positive for COVID-19 on December 20, 2020. He was isolated and recovered after only having suffered minor symptoms. He has not been vaccinated due to fear of side affects. Mr. Reyes Trujillo still suffers from asthma and abnormalities with breathing which exacerbates the risk if he were to be reinfected.

The first registered case in the United States of reinfection occurred in Nevada. In that case, the second infection was symptomatically worse than the first. "The patient had two positive test for SARS-CoV-2, the first on April 18, 2020, and the second on June 5, 2020, separated by two negative tests done during follow-up in May, 2020. Genomic analysis of SARS-CoV-2 showed

genetically significant differences between each variant associated with each instance of infection. The second infection was symptomatically more severe than the first."

https://www.thelancet.com/journals/laninf/article/PIIS1473-3099(20)30764-7/fulltext

There are many other documented occurrences of reinfection. In Brazil, a study was conducted to determine the possibility of reinfection after an initial bout with COVID-19. The stud documented "33 patients who showed clear evidence of COVID-19 recurrence following an interval with recovery." The time between "the first and second positive 18 to 134 days. With an average of 50.5 days."

https://www.sciencedirect.com/science/article/pii/S0163445321000438

The speculated reason why people are experiencing reinfection seems to be related to a decline in COVID-19 antibodies within three months.

https://www.medrxiv.org/content/10.1101/2020.08.12.20173690v2

If Mr. Reyes Trujillo were to be granted compassionate release, he would not be the first inmate to be granted relief who already survived a COVID-19 infection.[1] There was also a

---

[1] See, e.g., United States v. Babbitt, Case No. 18-CR-384 (E.D. Pa. Oct. 21, 2020) (granting compassionate release over objection of victims to defendant convicted of possession of child pornography who contracted Covid-19 while incarcerated and recovered); United States v. Huerte, Case No. 11-cr-20587- SCOLA, DE 1584 at 2-3 (S.D. Fla. July 31, 2020) (granting compassionate release to a defendant who was obese and had respiratory infection due to Covid-19, even though illness had not required hospitalization, because of the possibility she could still develop complications from the disease and was susceptible to catching Covid-19 a second time); United States v. Fletcher, Case No. TDC-05-0179-01, DE 856 (D. Md. July 13, 2020) (granting compassionate release to 65-year old serving life sentence who had hypertension and other risk factors after he had been infected and was deemed "recovered" but then returned to quarantine because of continued symptoms); United States v. Moore, Case No. 15-cr-55, DE 46 (C.D. Cal. July 16, 2020) (granting compassionate release to "recovered" inmate because of uncertainty regarding reinfection); United States v. Watson, Case No. 3:18-cr-00025-MMD-CLB, DE 51 (D. Nev. July 22, 2020) (granting compassionate release to defendant at Terminal Island who was asymptomatic when he tested positive for Covid-19, because defendant's medical conditions "put him at higher risks should he become reinfected").

grant of relief for an individual who survived COVID-19 and received a vaccine. *See United States v. Hernandez Sandoval 14-cr05105 RBL* W.D. Wash CR14-5105-RBL).

**2. Mr. Reyes Trujillo exhibits "Tier 1" COVID-19 Risk Factors**

Mr. Reyes Trujillo is at high risk of severe complications if he were to be reinfected with COVID-19. He has preexisting medical conditions that increase his risk. Mr. Reyes Trujillo suffers from asthma and has had several complications since being incarcerated. In May of 2020, there was a recommendation made by the Federal Bureau of Prisons that Mr. Reyes Trujillo be transferred to home confinement due to his high risk factors associated with Covid-19. Some of the preexisting conditions listed included acute pharyngitis and acute bronchitis. As stated previously, Mr. Reyes Trujillo also suffers from Asthma.  The Centers for Disease Control and Prevention notes that "asthma, if it's moderate to severe," "can make you more likely to get severely ill from COVID-19.

 https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html

They also state that "People with moderate to severe or uncontrolled asthma are more likely to be hospitalized from COVID-19.

https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/asthma.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fspecific-groups%2Fasthma.html

**3. The Delta possibly possess a greater risk of reinfection and severe illness**

According to an article published by the Washington Post, the CDC has warned that "the delta variant of the coronavirus appears to cause more severe illness than earlier variants and spreads as easily as chickenpox."

https://www.washingtonpost.com/health/2021/07/29/cdc-mask-guidance/

The CDC is still studying the delta variant, but states that "preliminary evidence suggests that fully vaccinated people who do become infected with the delta varian can be infectious and can spread the virus to others.

https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fully-vaccinated-guidance.html

This further increases the risk to Mr. Reyes Trujillo who is housed in a facility that has seen a substantial number of COVID-19 cases. To date, Safford FCI has reported a total of 514 inmate COVID-19 infections. https://www.bop.gov/coronavirus/index.jsp

**IV. Considering the factors of § 3553(a), Including the COVID-19 Pandemic, a Sentence of Time Served Would Be Sufficient but Not Greater than Necessary, to Accomplish the Goals of Sentencing.**

When extraordinary and compelling reasons are established, the Court must consider the relevant sentencing factors in § 3553(a) to determine whether a sentence reduction is warranted. 18 U.S.C. § 3582(c)(1)(A)(i). After considering all of the circumstances in this case, the Court should conclude that the time served to date is sufficient to satisfy the purposes of sentencing. Under *Pepper v. United States,* 562 U.S. 476, 490-93 (2011), the Court can, and must, consider post-offense developments under § 3553(a). Mr. Reyes Trujilo acknowledges that his criminal history is a factor that weighs against him. Also, the conviction for the underlying offense is not contested in this motion. However, Mr. Reyes Trujillo's conduct after conviction establishes the purposes of punishment have been met. Mr. Reyes Trujillo has no conduct infractions. He has also taken several education courses to better himself while incarcerated. He has shown by his conduct that he no longer poses a threat to public safety, and that granting him compassionate release would not endanger the community.

**V. If Released, Mr. Reyes Trujillo would reside with his family while complying with supervised release.**

Mr. Reyes Trujillo has a release plan to ensure a safe transition to the community. He plans to reside with his family upon release. He also understands that he would be required to comply with supervised release and plans to do so.

**Conclusion**

For the foregoing reasons, Mr. Reyes Trujillo respectfully requests that the Court grant reduction in sentence to time served followed by 10 years supervised release.

Respectfully submitted this 1st day of August, 2021.

                                        */s/ Carlos A. Brown*
                                        Carlos A. Brown
                                        Attorney for Defendant

**CERTIFICAT OF SERVICE**

I hereby certify that on the 1st day of August, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

The Honorable G. Murray Snow, United States District Court Judge
Keith Eric Vercauteren, Assistant United States Attorney

By:    /s/Carlos A. Brown
        /s/Carlos A. Brown