**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-08-00001-001-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Arturo Reyes Trujillo, | |
| Defendant. | |

Pending before the Court is Arturo Reyes Trujillo's ("Defendant") Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Compassionate Release) (Doc. 364). For the following reasons, Defendant's motion is denied.

## BACKGROUND

Defendant pleaded guilty to one count of Conspiracy to Possess with Intent to Distribute Cocaine, 21 U.S.C. § 841(a)(1), and one count of Conspiracy to Commit Money Laundering, 18 U.S.C. § 1956(h), on October 7, 2015. (Docs. 297, 298.) He was sentenced to a term of 262 months of imprisonment and five years of supervised release on March 7, 2016. (Doc. 320.) He is currently housed at FCI Safford, and his anticipated release date is May 6, 2031. (Doc. 369 at 2.)

Defendant filed his first Motion for Compassionate Release pro se on April 21, 2021. (Doc. 353.) On request from the Federal Public Defender, the Court appointed counsel for Defendant, who then filed an amended Motion. (Doc. 364.)

**DISCUSSION**

**I.  Legal Standard**

Compassionate release is governed by 18 U.S.C. § 3582(c), as amended by the First Step Act of 2018. Pub. L. No. 115-391, 132 Stat. 5194, at 5239-40 (2018); *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021). Under the statute, a court may reduce a defendant's term of imprisonment "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant." 18 U.S.C. § 3582(c)(1)(A). A defendant may only seek compassionate release if he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons" to bring the motion on his behalf, or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." *Id.*

If the defendant satisfies the administrative exhaustion requirement, he must next show (1) that his request is consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a), and (2) that "extraordinary and compelling reasons warrant" a reduction in his sentence and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* Although § 3582(c) does not define "extraordinary and compelling reasons," the Sentencing Commission has identified four categories that may qualify: serious medical conditions, advanced age, family circumstances, and a catch-all "other reasons." U.S.S.G. § 1B1.13, application note 1(A)–(D); *see United States v. Esparza*, No. 17-CR-1101-JAH, 2020 WL 2838732, at *2 (S.D. Cal. June 1, 2020). Specifically, the commission contemplated a medical condition from which the defendant is not expected to recover—one that "substantially diminishes the ability of the defendant to provide self care within the environment of a correctional facility." U.S.S.G. § 1B1.13, application note 1(A) (providing as examples terminal illness, deteriorating physical or mental health, and serious cognitive impairment). While U.S.S.G. § 1B1.13 is not binding on the Court because it only applies to motions for compassionate release filed by the BOP director, it may "inform [the Court's] discretion" in considering motions filed by defendants under the First Step Act. *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021).

## II.     Analysis

First, the Court finds that Defendant exhausted his administrative remedies. The Government concedes that Defendant has met the exhaustion requirement because he submitted a request for compassionate release to BOP that was denied in January 2021. (Doc. 369 at 6.)

Defendant argues that his risk of reinfection with COVID-19, combined with his history of asthma and breathing problems, amount to extraordinary and compelling circumstances that warrant a reduction in his sentence. (Doc. 364 at 4–7.) Defendant tested positive for COVID-19 on December 20, 2020 and suffered minor symptoms during his infection. (Doc. 364 at 4.) Defendant's medical records also indicate he has been diagnosed with asthma and unspecified abnormalities of breathing since before his COVID-19 diagnosis and has been prescribed inhalers. (Doc. 367 at 16 (lodged under seal).) According to the Centers for Disease Control and Prevention ("CDC"), moderate to severe asthma increases an individual's likelihood of contracting a severe case of COVID-19 and requiring hospitalization. *See People with Moderate to Severe Asthma*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/asthma.html (last updated Apr. 7, 2021).

However, even if Defendant's underlying health problems increase his risk of being reinfected with a severe case of COVID-19, he has refused vaccination due to the risk of side effects. (Doc. 364 at 4.) An inmate's refusal to receive "COVID-19 vaccination weighs against a finding of extraordinary and compelling circumstances." *United States v. Baeza-Vargas*, 532 F. Supp. 3d 840, 843–44 (D. Ariz. 2021) (collecting cases). BOP records indicate that Defendant declined the first dose of the COVID-19 Moderna vaccine on May 19, 2021. (Doc. 371 at 23 (under seal).) At the time, the Moderna vaccine was under an Emergency Use Authorization ("EUA") issued by the Food and Drug Administration ("FDA") but has since been fully approved for use by individuals eighteen years or older. *Spikevax and Moderna COVID-19 Vaccine*, U.S. Food and Drug Administration, https://www.fda.gov/emergency-preparedness-and-response/coronavirus-

disease-2019-covid-19/spikevax-and-moderna-covid-19-vaccine (last updated Feb. 23, 2022). The Moderna vaccine is safe and effective at preventing infection: In the EUA, the FDA noted that "the frequency of serious adverse events was low" in clinical trials, and that the vaccine prevented confirmed COVID-19 in most individuals who had been fully vaccinated for at least fourteen days. *Moderna COVID-19 Vaccine Emergency Use Authorization Review Memorandum*, Food and Drug Administration (Nov. 30, 2020), https://www.fda.gov/media/144673/download. Because Defendant was presented with the opportunity to take a vaccine that would have drastically reduced his risk of exposure and serious illness, the Court declines to find that his fear of reinfection and his underlying medical conditions amount to the type of extraordinary and compelling circumstances that warrant a reduction in his sentence.

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Defendant's amended Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Compassionate Release) (Doc. 364) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's first Motion for Compassionate Release / Reduction in Sentence Pursuant to 18 U.S.C. § 3582(C)(1)(a) and the First Step Act of 2018 (Doc. 353) is **DENIED** as moot.

**IT IS FURTHER ORDERED** granting Defendant's Motion for Leave to File Under Seal Exhibits (Doc. 366). The Clerk of Court is directed to file under seal lodged Doc. 367.

**IT IS FURTHER ORDERED** granting the Government's Motion to Seal (Doc. 370). The Clerk of Court is directed to file under seal lodged Doc. 371.

Dated this 11th day of March, 2022.

_____
G. Murray Snow
Chief United States District Judge